[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13699
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cr-00013-JA-KRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DWIPIN THOMAS MALIACKAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 8, 2014)

Before PRYOR, ROSENBAUM and ANDERSON, Circuit Judges.

PER CURIAM:

Dwipin Thomas Maliackal appeals his sentence of 168 months of

imprisonment, following his plea of guilty to attempted sexual enticement of a

minor.  *See* 18 U.S.C. § 2422(b).  Maliackal argues that his sentence is unreasonable.  We affirm.

Maliackal's sentence is procedurally reasonable.  Maliackal argues that the district court failed to explain its sentence and placed "undue reliance on [the need for] general deterrence," but the district court considered all the statutory purposes of sentencing.  The district court explained that its sentence accounted for Maliackal's "graphic and . . . vulgar" statements during online conversations with an undercover agent to "procur[e] a 10-year-old and a 13-year-old [girl] for sexual gratification"; the plans he made "over many days"; his trip to meet with the agent who was posing as the girls' father; the seriousness of his offense and the need to "[p]romote respect for the law[ and to] provide a just punishment"; the need to deter him from future similar conduct and to provide "general deterrence"; his cooperation with authorities and his remorse; his lack of a criminal history; and his "potential to be a valuable participant in society."  *See* 18 U.S.C. § 3553(a).  Maliackal argues that the written statement of reasons differs from the oral findings made during his sentencing hearing, but we will not consider this argument because it is raised for the first time in Maliackal's reply brief.  *See United States v. Lopez*, 649 F.3d 1222, 1246 (11th Cir. 2011).  He also argues that the district court "rotely assumed the advisory guidelines sentence was a reasonable one," but the district court stated that the Sentencing Guidelines were

2

not mandatory and failed to "accurately" account for all the sentencing factors. The district court provided a "reasoned basis for exercising [its] own legal decisionmaking authority." *United States v. Ghertler*, 605 F.3d 1256, 1262 (11th Cir. 2010).

Maliackal's sentence is also substantively reasonable. One minute after the undercover agent posted the advertisement "Dad with Dau in Fl" in an internet chat room entitled "Incest," Maliackal, using the online name "Horny_Indian" said he was "into incest," and he proceeded to boast about his past sexual encounters with young minors and to describe graphically how he intended to abuse the two young girls. Maliackal joked about having the girls as "girlfriends"; asked "how often [he could] f**k" them"; joked about "get[ting] [one of the girls] pregnant"; and asked for naked photographs of the girls. Maliackal traveled from Tampa to Maitland and, en route, called the agent and mentioned that he had forgotten to bring condoms. The district court reasonably determined that a sentence at the low end of Maliackal's advisory guideline range of 168 to 210 months was necessary to address the statutory sentencing factors. *See* 18 U.S.C. § 3553. We cannot say that the district court abused its discretion, particularly when it imposed a sentence well below Maliackal's statutory maximum penalty of life imprisonment. *See United States v. McKinley*, 732 F.3d 1291, 1299 (11th Cir. 2013).

We **AFFIRM** Maliackal's sentence.

3